UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STANT MANUFACTURING, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:02-cv-1653 RLY-WTL |
| | ) | |
| GERDES GmbH, | ) | |
| Defendant. | ) | |

**ENTRY ON STANT'S MOTION TO IMPOSE SANCTIONS**

Stant has requested that the court impose sanctions in the form of prohibiting Gerdes from using an advice of counsel defense because of spoilation of evidence. Specifically, Stant claims that Gerdes' counsel, Louis A. Mok, destroyed draft opinions, notes, and other materials used in preparing opinions regarding (non)infringement related to this lawsuit. According to Stant, the electronically edited and destroyed documents were the subject of an outstanding discovery request.

Stant cites to *Trigon Ins. Co. v. U.S.* in support of its position. 204 F.R.D. 277, 285 (E.D. Va. 2001). However, *Trigon* involved a series of drafts exchanged between collaborators, not an individual expert, and the *Trigon* court explicitly set aside the question of whether a party is required to retain the drafts prepared solely by an individual expert. *Id.* at 283. Moreover, the *Trigon* court recognized that "[t]here are cogent reasons which militate against such a requirement . . . ." *Id.*

Likewise, Stant's reliance on *Mosel Vitelic Corp. v. Micron Tech., Inc.* is

unconvincing. 162 F.Supp.2d 307 (D. Del. 2000). First of all, in *Mosel* the court allowed the advice of counsel evidence in and then allowed the jury to draw an adverse inference from the destruction of the materials in question; it did not exclude the evidence, as Stant would have this court do. Secondly, the drafts of the opinion letters in question in *Mosel* were drafts that the patent attorney reviewed with the trial attorneys in great detail – "word for word, line by line" – at multiple meetings. *Id*. at 310. There is no evidence that the drafts in question here were ever shared with anyone. Mok's deposition testimony reveals that he composed his opinion letters on a computer, printed out drafts, made notes on them, and eventually produced a final draft. (Mok Deposition at 8). The earlier drafts were discarded. (*Id*.).

The drafts and notes in question in the case at bar are not analogous to those in the cases cited by Stant. Further, requiring a witness to retain copies of every draft of his or her work would present many problems of practicality. As such, Stant's Motion to Impose Sanctions is **denied**.

Dated: September 7, 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

Michael D. Beck
MAGINOT MOORE & BECK
mdbeck@maginot.com

Andrew B. Dzeguze
BARNES & THORNBURG LLP
andrew.dzeguze@btlaw.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG LLP
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG LLP
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com

4