UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STANT MANUFACTURING, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:02-cv-1653 RLY-WTL |
| | ) | |
| GERDES GmbH, | ) | |
|     Defendant. | ) | |

**ORDER DENYING GERDES' MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GERDES' CURRENT VERSION OF THE ACCUSED PRODUCT, PRODUCED SINCE LATE SEPTEMBER 2003, DOES NOT INFRINGE THE ASSERTED CLAIMS OF UNITED STATES PATENT NO. 5,449,086**

This matter is before the court on Defendant Gerdes' Motion For Partial Summary Judgment that Gerdes' Current Version of the Accused Product, Produced Since Late September 2003, Does Not Infringe the Asserted Claims of United States Patent No. 5,449,086 (the "'086"). (Docket #188; *see also* Ex. 3, the '086 patent).

In support of its Motion, Gerdes first argues that its cap does not infringe Claim 1 of the '806 patent, which requires ". . . a handle formed on the top wall for rotating the handle means, and an appendage directly appended to the underside of the top wall, the appendage *cantilevered* downwardly from the underside of the top wall . . . ." (Ex. 3 (emphasis added). According to Gerdes, the relevant appendage in its cap – the offset pin, which is composed of a trapezoidal ratchet stop and a cylindrical spring holder pin – is not "cantilevered." (*See* Stant's Ex. 390 at A1 (labeling relevant parts)).

1

The parties agree that "cantilevered" means "supported at only one end." Gerdes interprets this definition as "supported at **only** one end," meaning supported only at the very terminus. Alternatively, Stant interprets the definition of "cantilevered" as "supported at only **one** end," meaning not supported at the other end. Gerdes' current product includes side supports for the trapezoidal ratchet stop, so if Gerdes' interpretation of "cantilevered" is correct, it is not infringing this aspect of the '086.

In further support of its Motion, Gerdes argues that the offset pin in its cap is not engaged by a lug at its terminal portion, as required by Claim 1: ". . . the driven lug engaging a *terminal portion* of the appendage during rotation of the handle means about the axis of rotation. . . ." (Ex. 3 (emphasis added)). In the court's Claim Construction Entry, "terminal portion" was defined as "the part of the whole at the end, extremity, or boundary of the whole." (Markman Entry at 34). Gerdes now argues that the offset pin is not engaged at its terminal portion. (*See* Gerdes' Supporting Brief at 2). Stant counters that the trapezoidal ratchet stop – and not the offset pin as a whole – is the relevant appendage. According to Stant, the trapezoidal ratchet stop literally meets all of the requirements in Claim 1, including the fact that the driven lug engages the trapezoidal ratchet stop within one millimeter or 30/1000ths of an inch of its end. (*See* Stant's Response Brief at 2).

Upon review of the parties' briefs, the exhibits cited therein, and the relevant law, the court finds that Stant has raised genuine issues of material fact regarding the interpretation of the definition of "cantilevered" and regarding whether the trapezoidal

ratchet stop qualifies as the appendage referred to by "the driven lug engaging a terminal portion of the appendage . . . ." Therefore, Gerdes' Motion For Partial Summary Judgment that Gerdes' Current Version of the Accused Product, Produced Since Late September 2003, Does Not Infringe the Asserted Claims of United States Patent No. 5,449,086 is **denied**.

Dated: February 3, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

Michael D. Beck
MAGINOT MOORE & BECK
mdbeck@maginot.com

Andrew B. Dzeguze
BARNES & THORNBURG LLP
andrew.dzeguze@btlaw.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG LLP
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG LLP
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com