UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

STANT MANUFACTURING, INC.,    )
          Plaintiff,    )
    )
   vs.    )       1:02-cv-1653 RLY-WTL
    )
GERDES, GmbH, et al.    )
          Defendant.    )

**ENTRY ON DEFENDANTS' MOTION TO RECONSIDER THE FEBRUARY 3, 2006 ORDER DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION BASED ON LACK OF INFRINGEMENT**

Plaintiff Stant Manufacturing, Inc. ("Stant") filed this case against Defendants Gerdes, GmbH, et al. ("Gerdes") on October 28, 2002, alleging that Gerdes' products infringe patents held by Stant.  Gerdes filed a Motion for Partial Summary Judgment, in which Gerdes alleged that the current version of the accused product does not infringe Claim 1 of Stant's '806 patent.  On February 3, 2006, the court found that Stant had raised a genuine issue of material fact on the question of infringement.  (*See* Docket # 359).  The matter is now before the court on Gerdes' Motion to Reconsider the February 3, 2006 Order.

As explained in the court's previous entries on Gerdes' previous motions to reconsider:

> A motion to reconsider must be based on the need "to correct manifest errors of law or fact or to present newly discovered evidence."  *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).  "A 'manifest error' is not demonstrated by the disappointment of

the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997).

In the motion now before the court, Gerdes argues that the court must, as a matter of law, define the term "cantilevered."  As explained in the court's February 3, 2006 Order, the parties have stipulated that "cantilevered" means "supported at only one end." Similarly, "terminal portion" was defined in the court's Markman Entry.  How the defined terms relate to the accused products is now a question of fact for the jury. Gerdes' disagreement with the court on this point is not a sufficient ground for reconsideration.

Finding no manifest error of law or of fact, in the absence of new evidence, and based on the record before the court, Gerdes' Motion to Reconsider (Docket #366) is **denied**.


Dated:  April 11, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana



Electronic copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

2

Michael D. Beck
MAGINOT MOORE & BOWMAN
mdbeck@maginot.com

Andrew B. Dzeguze
BARNES & THORNBURG
andrew.dzeguze@btlaw.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG
donald.knebel@btlaw.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com