UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STANT MANUFACTURING, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:02-cv-1653 RLY-WTL |
| | ) | |
| GERDES, GmbH, et al. | ) | |
|     Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO RECONSIDER THE FEBRUARY 3, 2006 ENTRY DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION REGARDING THE ON-SALE BAR**

Plaintiff Stant Manufacturing, Inc. ("Stant") filed this case against Defendants Gerdes, GmbH, et al. ("Gerdes") on October 28, 2002, alleging that Gerdes' products infringe patents held by Stant. Gerdes filed a Motion for Partial Summary Judgment, in which Gerdes alleged that the on-sale bar invalidated Stant's '055 and '806 patents. On February 3, 2006, the court found that Stant had raised a genuine issue of material fact regarding whether the on-sale bar applies in this case. (*See* Docket # 359). The matter is now before the court on Gerdes' Motion to Reconsider the February 3, 2006 Entry.

As explained in the court's February 2005 Entry on Gerdes' Motion to Reconsider the court's *Markman* Entry,

> A motion to reconsider must be based on the need "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "A 'manifest error' is not demonstrated by the disappointment of

> the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997).

In the motion now before the court, Gerdes argues that (1) Stant made a commercial offer for sale of the AA2 cap prior to the relevant critical dates for the patents in question; (2) the experimental use exception does not apply; and (3) Stant's arguments from *Tesma* are ground for estoppel in the present case. These are the same arguments that Gerdes raised on summary judgment.

Finding no manifest error of law or of fact, in the absence of new evidence, and based on the record before the court, Gerdes' Motion to Reconsider (Docket #364) is hereby **denied**.

Dated: April 11, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

Michael D. Beck
MAGINOT MOORE & BOWMAN
mdbeck@maginot.com

Andrew B. Dzeguze
BARNES & THORNBURG
andrew.dzeguze@btlaw.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG
donald.knebel@btlaw.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com