UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANT MANUFACTURING, INC., ) | |
|     Plaintiff and ) | |
|     Counterdefendant, ) | |
| ) | 1:02-cv-1653 RLY-WTL |
|     vs. ) | |
| ) | |
| GERDES, GmbH, (Kerpen, Germany), ) | |
| GERDES GmbH (Schortens, Germany), and ) | |
| GERDES BVBA, ) | |
|     Defendants and ) | |
|     Counterplaintiffs. ) | |

**ENTRY ON GERDES' MOTION FOR REMITTITUR OR A NEW DAMAGE
TRIAL ON VERSION I OF GERDES' FUEL CAP**

The court held a jury trial in this matter from April 24 to May 9, 2006. At the conclusion of the trial, the jury awarded Stant $1,005,000 in damages. The matter is now before the court on Gerdes' Motion for Remittitur or a New Damage Trial on Version I of Gerdes' Fuel Cap, wherein Gerdes asks the court to remit the damage award to $1,588 or to hold a new trial on damages. "A damage verdict must be set aside if the verdict is against 'the clear or great weight of the evidence.'" *Shockley v. Excalibur Tool & Equip. Co., Inc.*, 248 F.3d 1349, 1362 (Fed. Cir. 2001) (quoting *Unisplay, S.A. v. American Elec. Sign Co., Inc.*, 69 F.3d 512, 517 (Fed. Cir. 1995).

Gerdes argues that it only sold between 500 and 1,000 of its accused version I caps. Given that Stant's maximum profit per cap was $1.588, Gerdes contends that

1

$1,588 is the maximum damage award to which Stant is entitled ($1.588 x 1,000). However, the jury's verdict was not necessarily based solely on the 1,000 infringing caps. There was also evidence before the jury of Stant's lost sales of 9,000,000 additional caps to GM because of the 1,000 infringing caps. Lost sales caused by infringement can form the basis for a damage award. *Rite-Hite Corp. v. Kelly Co.*, 56 F.3d 1538, 1549 (Fed. Cir. 1995). Additionally, Gerdes itself suggested, in closing argument, that $1,050,000 would be an appropriate damage award based on reasonable royalties.[1]

For these reasons, and based upon the record as a whole, Gerdes' Motion Remittitur or a New Damage Trial on Version I of Gerdes' Fuel Cap (Docket # 525) is **denied**.

Dated: November 1, 2006.

```
_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana
```

Electronic copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

Michael D. Beck
MAGINOT MOORE & BECK
mdbeck@maginot.com

---

[1] Stant is correct in pointing out that, to the extent that Gerdes' motion is based on the jury interview that took place following the reading of the verdict, it is a violation of the court's rules. (Response Brief (Docket # 546) at 8).

Erin Roth Bohannon
BARNES & THORNBURG LLP
erin.bohannon@btlaw.com

Andrew B. Dzeguze
BARNES & THORNBURG LLP
andrew.dzeguze@btlaw.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG LLP
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG LLP
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Ronald E. Perez
FULWIDER PATTON LLP
rperez@fulpat.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com