UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STANT MANUFACTURING, INC., ) | | |
|     Plaintiff and ) | | |
|     Counterdefendant, ) | | |
| ) | 1:02-cv-1653 RLY-WTL | |
|   vs. ) | | |
| ) | | |
| GERDES, GmbH, (Kerpen, Germany), ) | | |
| GERDES GmbH (Schortens, Germany), and ) | | |
| GERDES BVBA, ) | | |
|     Defendants and ) | | |
|     Counterplaintiffs. ) | | |

**ENTRY ON GERDES' MOTION FOR A NEW TRIAL ON WHETHER CLAIMS 1, 5, AND 6 OF THE '086 PATENT ARE INVALID**

The court held a jury trial in this matter from April 24 to May 9, 2006. The jury returned a verdict finding, in part, that claims 1, 5, and 6 of Stant's '086 patent (U.S. Patent No. 5,449,086) were not invalid over the prior art of the '293, the '075, and the '505 patents. (*See* Verdict, Docket # 495). This matter is now before the court on Gerdes' Motion For a New Trial on Whether Claims 1, 5, and 6 of the '086 patent are invalid. Under Federal Rule of Civil Procedure 59, "[a] new trial may be granted only if the jury's verdict is against the manifest weight of the evidence." *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006) (citation omitted).

The '086 is a patent for a lost motion fuel cap. *See* Entry on Claim Construction (Docket # 148) at 27-34. According to Gerdes, the prior art discloses all of the limitations

1

of claims 1, 5, and 6 of the '086, rendering the '086 invalid for obviousness. "Section 103 of 35 U.S.C. precludes a patent grant if the difference between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." *Custom Accessories v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 958 (Fed. Cir. 1986).

"Obviousness cannot be established by combining the teachings of prior art . . . absent some teaching, suggestion, or incentive supporting the combination." *Carella v. Starlight Archery*, 804 F.2d 135, 140 (Fed. Cir. 1986). At trial, Gerdes failed to introduce evidence of motivation to combine the references found in the prior art. (*See, e.g.*, Dr. Jones' testimony, Trial Transcript at 1691-92). As such, the jury's verdict was not against the manifest weight of the evidence.

Based on the foregoing and on review of the parties' briefs, the authorities cited therein, and the record as a whole, Gerdes' Motion for a New Trial on Whether Claims 1, 5, and 6 of the '086 are Invalid (Docket # 529) is **denied**.

Dated:  November 2, 2006.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

2

Electronic copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

Michael D. Beck
MAGINOT MOORE & BECK
mdbeck@maginot.com

Erin Roth Bohannon
BARNES & THORNBURG LLP
erin.bohannon@btlaw.com

Andrew B. Dzeguze
BARNES & THORNBURG LLP
andrew.dzeguze@btlaw.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG LLP
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG LLP
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Ronald E. Perez
FULWIDER PATTON LLP
rperez@fulpat.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com