UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANT MANUFACTURING, INC., ) | |
|     Plaintiff and ) | |
|     Counterdefendant, ) | |
| ) | 1:02-cv-1653 RLY-WTL |
|   vs. ) | |
| ) | |
| GERDES, GmbH, (Kerpen, Germany), ) | |
| GERDES GmbH (Schortens, Germany), and ) | |
| GERDES BVBA, ) | |
|     Defendants and ) | |
|     Counterplaintiffs. ) | |

**ENTRY ON GERDES' MOTION FOR JUDGMENT AS A MATTER OF LAW THAT CLAIM 11 OF THE '097 REEXAM IS NOT INFRINGED UNDER THE DOCTRINE OF EQUIVALENTS, OR ALTERNATIVELY FOR A NEW TRIAL ON THAT ISSUE**

The court held a jury trial in this matter from April 24 to May 9, 2006. The jury returned a verdict finding, in part, that Gerdes' accused products infringe claim 11 of Stant's '097 reexam patent (reexamination Certificate No. B1 4,678,097) under the doctrine of equivalents. The jury also found that claim 19 of the '097 reexam was not infringed under the doctrine of equivalents. (*See* Verdict, Docket # 495). This matter is now before the court on Gerdes' Motion for Judgment as a Matter of Law that Claim 11 of the '097 Reexam is not Infringed Under the Doctrine of Equivalents. Alternatively, Gerdes moves for a new trial on that issue.

Pursuant to Federal Rule of Civil Procedure 50, judgment as a matter of law is

appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). In the case of patent infringement, "JMOL of noninfringement is properly granted if no reasonable jury could have concluded that a limitation recited in the properly construed claim is found in the accused device, either literally or under the doctrine of equivalents." *Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc.*, 248 F.3d 1303, 1309 (Fed. Cir. 2001).

Pursuant to Federal Rule of Civil Procedure 59, "[a] new trial may be granted only if the jury's verdict is against the manifest weight of the evidence." *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006) (citation omitted). To meet this standard, Gerdes must show that no rational jury could have rendered a verdict against it. *Id*.

In the instant motion, Gerdes argues that no reasonable jury could have found that Gerdes' accused products infringe Claim 11 of Stant's '097 reexam patent. Claim 11 of the '097 reexam includes a "second flange spaced axially downwardly from said first flange." (*See* Entry on Claim Construction, Docket # 148).

The evidence at trial supported a "reasonable jury's" finding that Gerdes' caps have two flanges, one spaced axially downwardly from the other. Mr. Ragan's testimony – narrating Stant's demonstrative exhibit regarding the '097 reexam and each of its claims and explaining that the flanges in the Gerdes cap served two independent functions – could have been persuasive to the jury. Or the jury could have been persuaded by Ralf and Theo Gerdes' testimony that the upper flange of the Gerdes cap can be removed

without compromising the seal in the filler neck.  Therefore, Gerdes' Motion for Judgment as a Matter of Law that Claim 11 of the '097 Reexam is not Infringed Under the Doctrine of Equivalents, or Alternatively for a New Trial on that Issue (Docket # 526) is **denied**.

Dated:  November 2, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

Michael D. Beck
MAGINOT MOORE & BECK
mdbeck@maginot.com

Erin Roth Bohannon
BARNES & THORNBURG LLP
erin.bohannon@btlaw.com

Andrew B. Dzeguze
BARNES & THORNBURG LLP
andrew.dzeguze@btlaw.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG LLP
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG LLP
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Ronald E. Perez
FULWIDER PATTON LLP
rperez@fulpat.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com