UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANT MANUFACTURING, INC., ) | |
|     Plaintiff and ) | |
|     Counterdefendant, ) | |
| ) | 1:02-cv-1653 RLY-WTL |
| vs. ) | |
| ) | |
| GERDES, GmbH, (Kerpen, Germany), ) | |
| GERDES GmbH (Schortens, Germany), and ) | |
| GERDES BVBA, ) | |
|     Defendants and ) | |
|     Counterplaintiffs. ) | |

**ENTRY ON GERDES' MOTION FOR JUDGMENT AS A MATTER OF LAW THAT THE MILITARY CAP ANTICIPATES CLAIM 11 OF THE '097 REEXAM, OR, ALTERNATIVELY, FOR A NEW TRIAL ON THAT ISSUE**

The court held a jury trial in this matter from April 24 to May 9, 2006. The jury returned a verdict finding, in part, that claim 11 of the '097 reexam (reexamination Certificate No. B1 4,678,097) was not anticipated by the Military Cap and/or its drawing. This matter is now before the court on Gerdes' Motion for Judgment as a Matter of Law that the Military Cap Anticipates Claim 11 of the '097 Reexam. Alternatively, Gerdes moves for a new trial on that issue.

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). A motion for a new trial "may be granted

only if the jury's verdict is against the manifest weight of the evidence." *King v. Harrington* 447 F.3d 531, 534 (7th Cir. 2006) (citation omitted); *see also* Fed. R. Civ. P. 59.

In the instant motion, Gerdes argues that the Military Cap satisfies the limitation "whereby an impact on said outer cover will fracture said frangible portion of said first flange leaving said housing and said second flange intact to seal said neck;" this limitation is found in claim 11 of the '097 reexam. The '097 reexam is a patent for a breakaway fuel cap.

The court agrees with Gerdes that the "Ragan Hammer Test" is of questionable value as a means of empirical testing. *See* Brief in Support (Docket # 527) at 9-11. Aside from the Ragan Hammer Test, however, there was substantial evidence at trial supporting the jury's finding that the Military Cap was not a breakaway cap and did not anticipate claim 11. The testimony of Robert Harris was particularly persuasive in this regard. *See* Stant's Submission on the Issue of Inequitable Conduct (Docket # 505) at 2-5, and trial transcript references cited therein.

Therefore, and based upon review of the parties' briefs, the authorities cited therein, and the record as a whole, Gerdes' Motion for Judgment as a Matter of Law that

the Military Cap Anticipates Claim 11 of the '097 Reexam, or, Alternatively, For a New Trial on that Issue (Docket # 527) is **denied**.

Dated: November 2, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

Michael D. Beck
MAGINOT MOORE & BECK
mdbeck@maginot.com

Erin Roth Bohannon
BARNES & THORNBURG LLP
erin.bohannon@btlaw.com

Andrew B. Dzeguze
BARNES & THORNBURG LLP
andrew.dzeguze@btlaw.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG LLP
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG LLP
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Ronald E. Perez
FULWIDER PATTON LLP
rperez@fulpat.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com