UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANT MANUFACTURING, INC., ) | |
|     Plaintiff and ) | |
|     Counterdefendant, ) | |
| ) | 1:02-cv-1653 RLY-WTL |
|     vs. ) | |
| ) | |
| GERDES, GmbH, (Kerpen, Germany), ) | |
| GERDES GmbH (Schortens, Germany), and ) | |
| GERDES BVBA, ) | |
|     Defendants and ) | |
|     Counterplaintiffs. ) | |

**ENTRY ON GERDES' MOTION FOR JUDGMENT AS A MATTER OF LAW THAT THE ASSERTED CLAIMS OF THE '086 PATENT ARE NOT LITERALLY INFRINGED BY THE FIRST VERSION OF THE GERDES PRODUCT, OR, ALTERNATIVELY FOR A NEW TRIAL ON THAT ISSUE**

The court held a jury trial in this matter from April 24 to May 9, 2006. The jury returned a verdict finding, in part, that claims 1, 5, and 6 of Stant's '086 patent (U.S. Patent No. 5,449,086) were literally infringed by the first version of Gerdes' accused fuel cap. (*See* Verdict, Docket # 495). This matter is now before the court on Gerdes' Motion for Judgment as a Matter of Law that the Asserted Claims of the '086 Patent are not Literally Infringed by the First Version of the Gerdes Product. Alternatively, Gerdes moves for a new trial on that issue.

Pursuant to Federal Rule of Civil Procedure 50, judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally

1

sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a).  In the case of patent infringement, "JMOL of noninfringement is properly granted if no reasonable jury could have concluded that a limitation recited in the properly construed claim is found in the accused device, either literally or under the doctrine of equivalents." *Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc.*, 248 F.3d 1303, 1309 (Fed. Cir. 2001).  Under Federal Rule of Civil Procedure 59, "[a] new trial may be granted only if the jury's verdict is against the manifest weight of the evidence." *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006) (citation omitted).

In the instant motion, Gerdes contends that there is no legally sufficient evidentiary basis for a reasonable jury to find literal infringement of claims 1, 5, and 6 of the '086 patent.  Gerdes' first argument is that Stant applied the claim term "underside" (as in "underside of the top wall") to the accused first version of the Gerdes product in a way that it expressly disclaimed during the prosecution of the '086 patent.  The court disagrees.

The alleged disclaimer Gerdes refers to has to do with claim 8 of the '086, not claims 1, 5, or 6.  During prosecution of claim 8, Stant amended the claim and explained that:

> claim 9 [which became claim 8] clearly calls for a pair of appendages . . . directly appended to the underside of the handle means, the appendages being cantilevered downwardly from the underside of the handle means. This structure clearly distinguishes over the Harris '733 patent wherein drive member 136 are affixed to an interior side wall 138 of the shell 14.

(*See* Brief in Support (Docket # 528) at 7, and exhibits cited therein).  This comment does

2

not have to do with the meaning of "top wall" or "underside." Therefore, to the extent that there was a disclaimer, it was ambiguous. *See Cordis Corp. v. Meditronic, Inc.*, 339 F.3d 1352, 1362 (Fed. Cir. 2003) (rejecting disclaimer that "was at best ambiguous") (citing *IMS Tech., Inc. v. Haas Automation, Inc.*, 206 F.3d 1422, 1439 (Fed. Cir. 2000). Moreover, Stant's argument at trial was consistent with the court's description of "top wall" as "a continuous layer at the uppermost point of the cap that serves to enclose the cap structure. Thus, the 'top wall' must include the handle." (Entry on Claim Construction, Docket # 148 at 30; *see also* Order denying motion for summary judgment, Docket # 360 (on "cantilevered" and "terminal portion" issues); Order denying motion to reconsider denial of summary judgment, Docket # 429).

For these reasons, and based upon review of the parties' briefs, the authorities cited therein, and the record as a whole, Gerdes' Motion for Judgment as a Matter of Law that the Asserted Claims of the '086 Patent are not Literally Infringed by the First Version of the Gerdes Product, or, Alternatively, For a New Trial on that Issue (Docket # 528) is **denied**.

Dated: November 2, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

Michael D. Beck
MAGINOT MOORE & BECK
mdbeck@maginot.com

Erin Roth Bohannon
BARNES & THORNBURG LLP
erin.bohannon@btlaw.com

Andrew B. Dzeguze
BARNES & THORNBURG LLP
andrew.dzeguze@btlaw.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG LLP
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG LLP
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Ronald E. Perez
FULWIDER PATTON LLP
rperez@fulpat.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com