UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANT MANUFACTURING, INC., ) | |
|     Plaintiff and ) | |
|     Counterdefendant, ) | |
| ) | 1:02-cv-1653 RLY-WTL |
| vs. ) | |
| ) | |
| GERDES, GmbH, (Kerpen, Germany), ) | |
| GERDES GmbH (Schortens, Germany), and ) | |
| GERDES BVBA, ) | |
|     Defendants and ) | |
|     Counterplaintiffs. ) | |

**ENTRY ON STANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF
LAW AND NEW TRIAL**

The court held a jury trial in this patent infringement matter from April 24 to May 9, 2006. (*See* Verdict, Docket # 495). The case is now before the court on Stant's Renewed Motion for Judgment as a Matter of Law and New Trial. Stant seeks judgment (1) that claims 11 and 19 of the '097 reexam (U.S. Patent No. 4,678,097) are valid; (2) that its '086 patent (U.S. Patent No. 5,449,086) is infringed by all versions of Gerdes' accused fuel caps; (3) that claim 38 of the '806 (U.S. Patent No. 5,794,806) patent is entitled to claim priority to the '055 patent (U.S. Patent No. 5,480,055); and (4) that the asserted claims of the '055 and '806 patents are not invalid based on an offer for sale of the AA3 prototypes.

1

**I.	Legal Standards**

Pursuant to Federal Rule of Civil Procedure 50, judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a).  In the case of patent infringement, "JMOL of noninfringement is properly granted if no reasonable jury could have concluded that a limitation recited in the properly construed claim is found in the accused device, either literally or under the doctrine of equivalents." *Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc.*, 248 F.3d 1303, 1309 (Fed. Cir. 2001).  Under Federal Rule of Civil Procedure 59, "[a] new trial may be granted only if the jury's verdict is against the manifest weight of the evidence." *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006) (citation omitted).

**II.	Analysis**

**A.	Claims 11 and 19 of the '097 Reexam**

At trial, the jury found claims 11 and 19 of the '097 reexam invalid due to obviousness.  Stant now seeks judgment as a matter of law that claims 11 and 19 are valid.

Evidence admitted at trial, including the Japanese reference, the Civilian Cap, and the Military Cap (and its drawing), supports the jury's finding that claim 11 was obvious. However, in addition to finding claims 11 and 19 obvious, the jury found that claim 11 was not anticipated, and that claim 19 was anticipated.  The jury's findings about anticipation are contradictory, because claim 19 is a dependant claim of claim 11.  Since

2

the jury found that claim 11 was not anticipated, then, as a matter of law, claim 19 was not anticipated. As such, Stant's motion will be granted insofar as it relates to the issue of claim 19's anticipation. This does not ultimately alter the outcome for the '097 reexam, though, which remains invalid due to obviousness.

### B.     Infringement of the '086 patent

The jury found that the earliest version of Gerdes' cap (Ex. 320) infringes the '086 patent but that the second (Exs. 321, 806), third (Exs. 327, 807), and current versions (Exs. 324, 325, 273, 805) do not. (*See* Verdict, Docket # 495). Stant now argues that its '086 patent is infringed by all versions of Gerdes' accused fuel caps.

The limitation in question is ". . . the driven lug engaging a terminal portion of the appendage during rotation of the handle means about the axis of rotation." (Ex. 3). In its claim construction, the court defined "terminal portion" as "the part of the appendage at the end, extremity, or boundary of the appendage." (Entry on Claim Construction, Docket # 148 at 32). The jury found that Gerdes' earliest cap satisfied this limitation but that subsequent versions did not. Their finding was supported by the record. (*See, e.g.*, Ex. 247 (file history of the '086)); *see also* Order Denying Gerdes' Motion for Summary Judgment on this issue, Docket # 360).

### C.     Claim 38 of the '806

Stant argues that claim 38 of its '806 patent is entitled to claim priority to the '055 patent. The effective filing date of the '055 was May 6, 1994. The '806 was filed December 4, 1995. At trial, the jury rejected Stant's argument. (*See* Verdict, Docket #

495).

Given that the on-sale bar applies to the '055 and the '806 (discussed below), this issue may be moot. For the sake of clarity, however, the court notes that Claim 38 of the '806 is not entitled to the earlier filing date of the '055 because Stant has not shown that the '055 patent describes the structure required by the lost-motion limitations of Claim 38.

    **D.**    **The '055, the '806 and the Offer for Sale**

At trial, the jury determined that the '055 and '086 patents were invalid under the on-sale bar because of Stant's offer to sell its AA3 prototype. (*See* verdict, Docket # 495). Stant argued at trial, and continues to argue, that its only offer to sell prior to the critical date was experimental in nature. The jury rejected this assertion, and substantial evidence at trial supported their decision. (*E.g.*, Thompson and Calder deposition testimony; Harris testimony). In particular, Exhibit 373, the April 26, 1993 exchange between Stant and Ford, substantiated the jury's verdict. (*See also* Entry on Gerdes' Motion for Partial Summary Judgment on this issue, Docket # 359).

**III.**    **Conclusion**

For the foregoing reasons and based upon review of the record as a whole, Stant's Motion for Judgment as a Matter of Law and New Trial (Docket # 534) is **granted in**

**part**, insofar as claim 19 of the '097 reexam was not anticipated, and **denied in part**, as to the remainder of the motion.

Dated:  November 2, 2006.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

Michael D. Beck
MAGINOT MOORE & BECK
mdbeck@maginot.com

Erin Roth Bohannon
BARNES & THORNBURG LLP
erin.bohannon@btlaw.com

Andrew B. Dzeguze
BARNES & THORNBURG LLP
andrew.dzeguze@btlaw.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG LLP
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG LLP
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Ronald E. Perez
FULWIDER PATTON LLP
rperez@fulpat.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com