UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANT MANUFACTURING, INC., ) | |
|     Plaintiff, ) | |
| ) | |
|     vs. ) | 1:02-cv-1653 RLY-WTL |
| ) | |
| GERDES GmbH, (Kerpen, Germany), ) | |
| GERDES GmbH (Schortens, Germany), ) | |
| and GERDES BVBA, ) | |
|     Defendants. ) | |

**ENTRY ON GERDES' MOTION UNDER FED.R.CIV.P. 54(d) FOR AN AWARD OF COSTS BECAUSE GERDES WAS THE PREVAILING PARTY IN THE LITIGATION**

Plaintiff, Stant Manufacturing, Inc. ("Stant"), filed this case against Defendants, Gerdes GmbH and Gerdes BVBA ("Gerdes") on October 28, 2002, alleging that Gerdes' products infringe several patents held by Stant: U.S. Patent Nos. 4,678,097 B1 (the reexamined "'097 patent"); 5,449,086 (the "'086 patent"); 5,480,055 (the "'055 patent"); and 5,794,806 (the "'806 patent"). Each of these patents relates to fuel caps used on vehicles. The case went to trial on April 24, 2006, and on May 9, 2006, the jury returned its 27-page verdict. Specifically, the jury found that all of the asserted claims of the '097 patent, the '055 patent, and the '806 patent, were invalid. With respect to the '086 patent, the jury found that the Gerdes' fuel cap infringed the asserted claims of the first version (but not the second, third, or current versions) of the '086 patent, resulting in an award to

1

Stant of one million, five thousand dollars. In addition, the jury found against Stant on its claim of willful infringement, and against Gerdes on its inequitable conduct claim.

Gerdes now claim that, in addition to Stant's three patents that they successfully invalidated, they prevailed at trial with respect to the '086 patent, and they, as opposed to Stant, are entitled to costs in this matter under FED.R.CIV.P. 54(d) and 28 U.S.C. § 1920. They therefore request costs in their favor, and object to Stant's bill of costs.

Pursuant to Federal Rule of Civil Procedure 54, "costs other than attorneys' fees shall be allowed as of course to the prevailing party." FED.R.CIV.P. 54(d). "'[A] plaintiff 'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996)[1] (citing *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)). "Because a judgment for damages in any amount modifies the defendant's behavior to the plaintiff's benefit, a plaintiff who wins even nominal damages is a prevailing party." *Id*.

Citing *Manildra*, Gerdes contends that it is the prevailing party under Rule 54(d) for successfully invalidating three of Stant's patents at trial – the '097 patent, the '806 patent, and the '055 patent. *Id*. at 1182-83 (finding that a plaintiff who receives no money damages but receives a declaration that its competitor's patents are invalid is a prevailing party). According to Gerdes, it also prevailed on the '086 patent for purposes

---

[1] The determination of who is a "prevailing party" is a question of Federal Circuit law. *Manildra*, 76 F.3d at 1181.

of Rule 54(d) for two reasons.  First, the  jury's damage award in favor of Stant with respect to the '086 patent was "quite small" as compared to the damages Stant initially sought.  Second, Stant failed to obtain an injunction with respect to the '086 patent, and thus, lost with respect to the "real stakes" of the litigation.

The case Gerdes cites in support of these propositions is *Perlman v. Zell*, 185 F.3d 850, 859 (7th Cir. 1999).  In that case, the Seventh Circuit questioned whether the plaintiff "prevailed" for purposes of Rule 54(d).  *Id*. at 859-60.  The Court noted the plaintiff's "modest recovery (modest in relation to his original demand, that is)," implied that "the defendants won more of the dispute than they lost." *Id*.  Specifically, the Court observed that the plaintiff won only on claims "with respect to which his interest was conceded by the defendants," and that, even if the defendants had won on every issue, the plaintiff would have received the amount awarded by the jury a few years later.  *Id*. Given that the jury verdict did not include the interest the plaintiff would have received had he waited a few years, "[h]e would have been better off had he waited for defendants to pay."  *Id*.  In that regard, the real value of the plaintiff's recovery may have been negative.  *Id*.

In vacating and remanding the district court's decision, the Seventh Circuit cautioned that "[n]one of what we have written means that the district court is forbidden to award costs" in the plaintiff's favor, and emphasized that "[d]istrict judges have substantial discretion to allocate costs under Rule 54." *Id*. at 860.

Gerdes focuses on two statements by the *Perlman* Court in support of its motion.

In the first, the Court stated:

> We have held in a series of recent cases that a litigant who wins less than 10% of his initial demand either is not a prevailing party for purposes of fee-shifting statutes or should be treated as if he had not prevailed.

*Id*. Based upon that statement, Gerdes contends that because Stant recovered less than ten percent of the damages it sought, Stant did not prevail for purposes of Rule 54(d). The court does not agree. The "ten percent" threshold is not a rule; rather, it is merely a factor for the court to consider in making its decision to award attorney's fees. *See Tuf Racing Prod., Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585 592 (7th Cir. 2000) (observing that *Perlman* states the ten percent standard "in a way that makes it sound like a rule, although the cases it cites for the rule treat it, rather, merely as a factor to consider along with other factors weighing for or against an award of attorneys' fees."). Attorney's fees, however, are not at issue here, costs are. Eligibility for attorney's fees and costs by meeting the definition of "prevailing party" is a separate inquiry from the discretionary decision to award attorney's fees. *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992). Thus, the actual degree of Stant's overall success, which goes to the issue of whether or not Stant would be entitled to attorney's fees, is a separate issue to the one now before the court – whether Stant is entitled to costs under Rule 54(d). In short, the most that can be said of the Seventh Circuit's statement above is that the district court may consider, in formulating its discretionary decision to award costs, the degree of the plaintiff's overall success.

Gerdes also focuses on the *Perlman* Court's statement that although plaintiff won money damages, he lost the "real stakes" of the litigation – i.e., treble damages under

RICO and punitive damages under state law – and contends that Stant, likewise, lost the real stakes of this litigation, i.e., injunctive relief. When the *Perlman* Court alluded to the "real stakes" of the litigation, the Court was addressing the fact that the plaintiff's real recovery was actually less than what he would have had if he had simply agreed to the defendants' construction of the agreements at issue. Hence, measured by the "real stakes" of treble damages and state law punitive damages, "Perlman lost." *Perlman*, 185 F.3d at 859.

In this case, the central question of the litigation was whether Gerdes was liable to Stant for its sales of fuel caps to General Motors. Gerdes contended that it was not liable for any sales to General Motors. The jury disagreed, finding that Gerdes infringed Stant's '086 patent and awarded them over one million dollars in damages for Gerdes' past violation of Stant's rights. The fact that Stant did not seek an injunction as to the model of cap protected by the '086 patent simply reflects the fact that Gerdes no longer produces that model of cap, and thus, Stant can no longer be harmed by Gerdes' conduct. Stant's decision not to seek an injunction does not change the fact that Gerdes cannot use the version of fuel cap protected by the '086 patent and must pay Stant significant money damages for its past violations of Stant's patent rights.

Although this was not the victory that Stant envisioned when it filed suit, the court, in its discretion, finds that Stant did get substantial relief as a result of this litigation, even though it did not prevail on every claim. *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (stating that a plaintiff prevails for purposes of Rule 54(d) if he

obtains substantial relief, even if he does not win every claim).  Stant therefore prevailed for purposes of Rule 54(d) and is entitled to its costs.  Gerdes' Motion for an Award of Costs Because Gerdes Was the Prevailing Party (Docket # 532) is therefore **DENIED**.

**SO ORDERED** this 11th  day of March 2008.

                                                                                                                _____
                                                                                                                 RICHARD L. YOUNG, JUDGE
                                                                                                                 United States District Court
                                                                                                                 Southern District of Indiana

Electronic copies to:

Samuel L. Alberstadt
FULWIDER PATTON LEE & UTECHT, LLP
salberstadt@fulpat.com

Michael D. Beck
MAGINOT MOORE & BOWMAN
mdbeck@maginot.com

Michael S. Elkind
FULWIDER PATTON LEE & UTECHT
melkind@fulpat.com

Helen K. Geib
BARNES & THORNBURG
helen.geib@btlaw.com

Spencer Patrick Goodson
BARNES & THORNBURG
sgoodson@btlaw.com

Paul B. Hunt
BARNES & THORNBURG
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG
donald.knebel@btlaw.com

David J. Pitman
FULWIDER PATTON LEE & UTECHT LLP
dpitman@fulpat.com

David S. Sarisky
FULWIDER PATTON LEE & UTECH, LLP
dsarisky@fulpat.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com